IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | CIV. NO. 15-00351 SOM/RLP |
| Plaintiff, | ORDER VACATING ORDER GRANTING IN FORMA PAUPERIS REQUEST, |
| vs. | DENYING IN FORMA PAUPERIS REQUEST, AND DISMISSING ACTION |
| LT. CHICO SALGADO, et al., | PURSUANT TO 28 U.S.C. § 1915(g) |
| Defendants. | |

**ORDER VACATING ORDER GRANTING IN FORMA PAUPERIS REQUEST, DENYING IN FORMA PAUPERIS REQUEST, AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is pro se Plaintiff Peter R. Tia's prisoner civil rights Complaint. Doc. No. 1. Tia commenced this action on July 15, 2015, in the United States District Court for the Central District of California. *See id.* On July 30, 2015, Magistrate Judge Alka Sagar granted Tia's request to proceed in forma pauperis ("IFP). Doc. No. 4. On August 31, 2015, United States District Judge Otis D. Wright II transferred the action to this court. Doc. No. 6.

Tia sets forth claims stemming from events that allegedly occurred between September 1996 and October 1997, when he was a pretrial detainee at the Oahu Community Correctional Center ("OCCC"). Tia is presently incarcerated at the Halawa Correctional Facility ("HCF").

For the following reasons, the Magistrate Judge's Order

granting Tia's IFP request is VACATED and Tia's IFP request is DENIED pursuant to 28 U.S.C. § 1915(g).  This action is DISMISSED without prejudice to Tia's refiling his claims in a new action with concurrent payment of the civil filing fee.

### I.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

At least three of Tia's federal cases qualify as "strikes" under § 1915(g):

2

>    (1) *Tia v. Fujita*, Civ. No. 08-00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim);
>
>    (2) *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and
>
>    (3) *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim).

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited September 1, 2015). Tia has had notice and an opportunity to challenge these strikes. *See, e.g.*, *Tia v. Borges*, 1:12-cv-00158 HG/BMK (D. Haw. 2012), and App. No. 12-16158 (9th Cir. Aug. 9, 2012), Doc. No. 26 ("[T]he district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim[.]"). Tia may not bring a civil action without complete prepayment of the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"[T]he [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Tia's claims regarding events that allegedly occurred while he was a pretrial detainee at OCCC in 1996-1997, do not

plausibly allege that he was in imminent danger of serious physical injury when he filed this action.  Tia may not proceed without concurrent payment of the civil filing fee.

## II.   CONCLUSION

The Order granting Tia's in forma pauperis request is VACATED, and the request is DENIED pursuant to 28 U.S.C. § 1915(g).  This action is DISMISSED without prejudice to Tia's filing his claims in a new action with concurrent payment of the filing fee.  Any pending motions are terminated.  The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 1, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tia v. Salgado,* Civ. No. 15-00324 SOM/RLP; 3stk 2015/ Tia 15-324 som/  J:\PSA Draft Ords\SOM\Tia 15-351 SOM (trsf'd in, 1996 cls).wpd